**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **INTELLECTUAL VENTURES II LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CANON INC. and CANON U.S.A., INC.,**<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") for its Complaint against Defendants Canon Inc. and Canon U.S.A., Inc. (collectively, "Canon"), hereby alleges as follows:

**PARTIES**

1. Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2. On information and belief, Defendant Canon Inc. is a corporation organized under the laws of Japan having a principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3. On information and belief, Defendant Canon U.S.A., Inc. is a corporation organized under the laws of New York, having a principal place of business at One Canon Plaza, Melville, New York, 11747.

4. On information and belief, Canon U.S.A., Inc. is a wholly owned subsidiary of Canon Inc.

## NATURE OF THE ACTION

5.      This is a civil action for the infringement of United States Patent Nos. 6,023,081 ("the '081 Patent") (attached as Exhibit A) and 6,221,686 ("the '686 Patent") (attached as Exhibit B) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

7.      This Court has personal jurisdiction over Canon because, among other things, Canon has committed, aided, abetted, contributed to, and/or participated in acts of patent infringement in violation of 35 U.S.C. § 271 in this District that led to foreseeable harm and injury to Intellectual Ventures II within the District.

8.      This Court also has personal jurisdiction over Canon because, among other things, Canon has established minimum contacts within the forum such that the exercise of jurisdiction over Canon will not offend traditional notions of fair play and substantial justice. For example, Canon has placed infringing products into the stream of commerce with the reasonable knowledge, expectation, and/or understanding that such products are used and sold in this District. Those acts have caused and continue to cause injury to Intellectual Ventures II within the District. In addition, Canon has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the Patents-in-Suit. Canon derives substantial revenue from the sale of infringing products distributed within the District, and/or expects or

should reasonably expect its actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. In addition, Canon knowingly induced, and continues to knowingly induce, infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to encourage and facilitate infringing sales and use of the products by others within this District and the United States and by creating and/or disseminating instructions, promotional materials, marketing materials, product manuals, and other technical materials related to the infringing products with like mind and intent.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Canon resides in this District, is subject to personal jurisdiction in this District, and has committed acts of infringement in this District.

## THE PATENTS-IN-SUIT

11. On February 8, 2000, the '081 Patent, titled "Semiconductor Image Sensor," was duly and lawfully issued by the United States Patent and Trademark Office (hereinafter "PTO").

12. Intellectual Ventures II owns the '081 Patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

13. On April 24, 2001, the '686 Patent, titled "Method Of Making A Semiconductor Image Sensor," was duly and lawfully issued by the PTO.

14. Intellectual Ventures II owns the '686 Patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

## FACTUAL BACKGROUND

15. Intellectual Ventures Management, LLC was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention.

Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions. A significant aspect of Intellectual Ventures Management, LLC's business is managing the plaintiff in this case, Intellectual Ventures II.

16. Intellectual Ventures also develops its own inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed a plethora of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures also has invested in laboratory facilities to assist with the development and testing of new ideas.

17. Intellectual Ventures also develops inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

18. Canon is a company that designs, manufactures, markets and sells consumer electronics, e.g., digital imaging products such as digital single-lens reflex ("DSLR") cameras, compact digital cameras, and digital camcorders, worldwide including in the United States.

19. Intellectual Ventures first approached Canon in 2009 about taking a license to Intellectual Ventures' patents. Over the next several months, in an effort to negotiate a license, Intellectual Ventures discussed many of its patents with Canon including the Patents-in-Suit.

During those discussions, Intellectual Ventures explained to Canon how Canon was using Intellectual Ventures' patented inventions in Canon's digital imaging products. Despite Intellectual Ventures' good-faith efforts to negotiate a business solution, Canon refused to license Intellectual Ventures' patents on reasonable terms and continued using Intellectual Ventures' inventions without permission.

20. After approximately two years of trying to negotiate a business solution with Canon, on September 9, 2011, Intellectual Ventures filed a lawsuit against Canon Inc. and Canon U.S.A., Inc. for infringing several of its patents because Canon refused to pay Intellectual Ventures for a license. (D.I. 1 in *Intellectual Ventures I LLC v. Canon Inc.*, Civil Action No. 11-cv-792-SLR (D. Del.).) In that lawsuit, Intellectual Ventures asserted the Patents-in-Suit here—the '081 Patent and the '686 Patent—against some of Canon's camera products that were imported and sold in the United States in or around 2011 and 2012. (*Id.* at D.I. 89.)

21. In April 2014, a Court in this District entered summary judgment against Canon for infringement of claims 14 and 16 of the '686 Patent. (D.I. 253 in *Intellectual Ventures I LLC v. Canon Inc.*, Civil Action No. 11-CV-792-SLR (D. Del.).)

22. In May 2014, a jury found for Intellectual Ventures on infringement of the '081 patent, finding that Canon infringed claim 3. (D.I. 291 in *Intellectual Ventures I LLC v. Canon Inc.*, Civil Action No. 11-CV-792-SLR (D. Del.).) With respect to validity, that jury found in favor of Intellectual Ventures, finding that claims 14 and 16 of the '686 Patent are not invalid and that claim 3 of the '081 Patent is not invalid.

23. By order dated May 18, 2015, the Court denied Canon's post-trial motions and confirmed the jury's verdict that claims 14 and 16 of the '686 Patent and claim 3 of the '081

Patent were infringed and were not proven to be invalid. (D.I. 380 in *Intellectual Ventures I LLC v. Canon Inc.*, Civil Action No. 11-CV-792-SLR (D. Del.).)

24. Despite having knowledge of Intellectual Ventures' patents—including at least the '081 Patent and the '686 Patent—at least through discussions with Intellectual Ventures and through the previous litigation, Canon continues to implement that patented technology in Canon's newer products without permission.

## COUNT I
### (Canon's Infringement of the '081 Patent)

25. Paragraphs 1-24 are incorporated by reference as if fully restated herein.

26. The '081 Patent is valid and enforceable, and Canon is estopped from challenging the validity of the '081 Patent.

27. Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products that comprise at least a CMOS image sensor with a pinned layer, including but not limited to the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, Canon cameras having image sensors manufactured using Canon manufacturing processes L34, L60 or O10, all other Canon cameras with an image sensor similarly manufactured to those in the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, including those sensors having the die markings "LC1220A", "LC1310", or "POI X", and all Canon cameras having image sensors manufactured by manufacturing processes which are not colorably different from the L34, L60 or O10 processes, without authority and in violation of 35 U.S.C. § 271.

28. Canon has had knowledge of the '081 Patent and its infringement thereof since at least September 9, 2011, through Intellectual Ventures' filing and service of the Complaint (D.I. 1) in Civil Action No. 11-CV-792-SLR (D. Del.). In addition, on May 2, 2014, a jury in this District found that all then-asserted Canon products infringed claim 3 of the '081 Patent. Nevertheless, Canon continues to sell additional products with the patented features of Intellectual Ventures' '081 Patent. Moreover, Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '081 patent. Canon knows that its products infringe the '081 Patent and further knows that its acts induce its customers to infringe the '081 patent.

29. Intellectual Ventures has been and continues to be damaged by Canon's infringement of the '081 Patent.

30. Canon has willfully infringed, and continues to willfully infringe, the '081 Patent despite having knowledge of the '081 Patent and its infringement thereof.

31. Intellectual Ventures will be irreparably harmed if Canon is not enjoined from using the technology in Intellectual Ventures' '081 Patent.

32. Canon's conduct in infringing the '081 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II
### (Canon's Infringement of the '686 Patent)

33. Paragraphs 1-32 are incorporated by reference as if fully restated herein.

34. The '686 Patent is valid and enforceable, and Canon is estopped from challenging the validity of the '686 Patent.

35. Canon, either alone or in conjunction with others, has infringed and/or knowingly and intentionally induced others including its customers to infringe, literally and/or under the

doctrine of equivalents, one or more claims of the '686 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products that comprise at least a CMOS image sensor with a pinned layer, including but not limited to the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, Canon cameras having image sensors manufactured using Canon manufacturing processes L34, L60 or O10, all other Canon cameras with an image sensor similarly manufactured to those in the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, including those sensors having the die markings "LC1220A", "LC1310", or "POI X", and all Canon cameras having image sensors manufactured by manufacturing processes which are not colorably different from the L34, L60 or O10 processes, without authority and in violation of 35 U.S.C. § 271.

36.  Canon has had knowledge of the '686 Patent and its infringement since at least August 27, 2010, through a presentation by Intellectual Ventures to Canon concerning the '686 Patent and its infringement, and September 9, 2011, through the filing and service of the original Complaint in Civil Action No. 11-CV-792-SLR.  In addition, on April 10, 2014, a Court in this District entered summary judgment of infringement against Canon for infringement of claims 14 and 16 of the '686 Patent.  Nevertheless, Canon continues to sell additional products with the patented features of Intellectual Ventures' '686 Patent.  Moreover, Canon possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the '686 patent.  Canon knows that its products infringe the '686 Patent and further knows that its acts induce its customers to infringe the '686 patent.

37.  Intellectual Ventures has been and continues to be damaged by Canon's infringement of the '686 Patent.

38. Canon has willfully infringed, and continues to willfully infringe, the '686 Patent despite having knowledge of the '686 Patent and its infringement thereof.

39. Intellectual Ventures will be irreparably harmed if Canon is not enjoined from using the technology in Intellectual Ventures' '686 Patent.

40. Canon's conduct in infringing the '686 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures II respectfully requests the following relief:

a) A judgment that Canon has infringed the '081 Patent;

b) A judgment that Canon has infringed the '686 Patent;

c) A judgment that Intellectual Ventures II be awarded all appropriate damages under 35 U.S.C. § 284 for Canon's past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Canon's infringement, an accounting;

d) A judgment that Canon's infringement of the Patents-in-Suit has been willful and trebling all damages awarded to Intellectual Ventures II for such infringement pursuant to 35 U.S.C. § 284;

e) A judgment that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action;

f) A judgment that Intellectual Ventures II be awarded such further relief at law or in equity as the Court deems just and proper;

g) A judgment that this case is exceptional pursuant to 35 U.S.C. § 285; and

h)   An injunction against Canon under 35 U.S.C. § 283 to prevent Canon's ongoing violations of Intellectual Ventures' patented rights, either directly or indirectly.

## **DEMAND FOR JURY TRIAL**

Intellectual Ventures II hereby demands a trial by jury on all claims and issues so triable.

|  |  |
|---|---|
| DATED:  June 2, 2015 | Respectfully submitted, |
|  | FARNAN LLP |
| Of Counsel: | /s/ Brian E. Farnan |
|  | Brian E. Farnan (Bar No. 4089) |
| John M. Desmarais | 919 North Market Street |
| Alan S. Kellman | 12th Floor |
| Lauren M. Nowierski | Wilmington, DE  19801 |
| DESMARAIS LLP | (302) 777-0300 |
| 230 Park Avenue | (302) 777-0301 |
| New York, NY 10169 | bfarnan@farnanlaw.com |
| (212) 351-3400 (Tel) |  |
| (212) 351-3401 (Fax) |  |
| jdesmarais@desmaraisllp.com |  |
| akellman@desmaraisllp.com |  |
| lnowierski@desmaraisllp.com |  |
|  | *Counsel for Plaintiff* |